UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SETH T. CAREY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:25-cv-00385-SDN |
| | ) |
| MAINE STATE POLICE et al., | ) |
| | ) |
|     Defendants | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Seth T. Carey's application to proceed *in forma pauperis*, *see* ECF No. 4, his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

The *in forma pauperis* statute is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint fails to state a claim when, taking the facts alleged as true, it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his complaint, Carey alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights through 42 U.S.C. § 1983, as well as various state tort and

1

statutory claims. Complaint ¶¶ 212-331. The allegations span multiple time frames and primarily rehash a State of Maine District Court's decision in a protection from abuse (PFA) proceeding. *See, e.g.*, Complaint ¶ 71.

Liberally construing the complaint, Carey alleges that the victim in the PFA case made false allegations against him that led to his illegal arrest and the loss of his law license.[1] The first issue with this assertion is that Carey admits that the PFA order was upheld on appeal, and this court cannot review that decision. *See Mills v. Calero*, No. 1:11-cv-00470-JAW, 2013 WL 12131588, at *6 (D. Me. Mar. 7, 2013) (concluding that the *Rooker-Feldman* doctrine barred plaintiff's challenge in federal district court to a state protection from abuse order); Complaint ¶ 72. Because the PFA order was affirmed, without other unlawful conduct in the execution of an arrest, *see, e.g.*, *United States v. Jacobsen,* 466 U.S. 109, 124 (1984), it is unlikely to support any of Carey's claims, *see Pierson v. Ray*, 386 U.S. 547, 557 (1967) ("We hold that the defense of good faith and probable cause, which the Court of Appeals found available to the officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983.").

Even putting that issue aside, however, the complaint still fails to state a claim for several reasons. First, state agencies are not persons under section 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), and under the Eleventh

---

[1] Courts are required to construe pro se litigants' complaints liberally. *See Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980), and the allegations must still contain "the crucial detail of who, what, when, where, and how" to provide fair notice of what the claims are and the grounds on which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

Amendment state agencies may not be sued by citizens in federal court, regardless of the form of relief requested, *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009). Here, the Maine State Police is an agency of the state of Maine; thus, the claims against the agency must be dismissed.

Second, Robert C. Granger, in his professional capacity as District Attorney, is absolutely immune from money damages for actions taken within the scope of his duties in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Carey has not alleged any facts suggesting that Granger acted outside of that capacity, without which he is entitled to immunity. To the extent Carey seeks injunctive relief against Attorney Granger to preclude future prosecutions, he has not made the required showings, and that request should be denied. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Third, the Rumford Police Department is not a "suable entity" because it does not have a legal identity separate from the city. *See Woods v. Auburn Police Dep't*, No. 2:21-cv-00364-GZS, 2022 WL 3912548, at *2 (D. Me. Aug. 31, 2022) (rec. dec.)

(noting that a municipality's police department "is not a suable entity" because it "does not have a legal identity separate from the" municipality (cleaned up)), *aff'd*, 2022 WL 4759266 (D. Me. Oct. 3, 2022). Although the Rumford Police Department is not a proper party, Carey's complaint can be liberally construed as trying to state claims against the City of Rumford. Even if Rumford was deemed a party, it cannot be vicariously liable for its employees' actions, it may only be held liable for its own acts. *See Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986) ("The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."). A plaintiff asserting municipal liability under section 1983 must show that an "action pursuant to official municipal policy" caused their injury. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691 (1978). Because Carey does not allege that the Rumford Police Department took any actions based on department policies or practices, he does not state a plausible claim for municipal liability.

Fifth, the allegations against the remaining individual defendants are made against them in their professional capacities as officers of the Maine State Police and the Rumford Police Department. To state a claim against them, Carey "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Carey, however, does not identify any specific conduct by the individual defendants, let alone any conduct that would violate a federal right. Instead, he offers only

conclusory statements—for example, alleging that "Defendants intentionally detained and jailed Mr. Carey in violation of his constitutional right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment." Complaint ¶ 213. These threadbare recitals of legal propositions are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (requiring sufficient facts to plausibly allege a claim).

Finally, Carey's complaint seeks injunctive relief to prevent harassment, false charges, discrimination, corruption, and enforcement of criminal speeding laws. Complaint ¶¶ 60, 324-331. "When a plaintiff seeks to enjoin the activity of a government agency . . . his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976) (cleaned up). These principles of federalism are reflected in 28 U.S.C. § 2283, which Congress enacted to prevent federal courts from issuing injunctions against state proceedings unless they fall within a limited set of exceptions. Although section 1983 is one of those exceptions, *see Mitchum v. Foster*, 407 U.S. 225, 243 (1972), under the facts alleged in this case, there is no justification for invading the State's latitude to manage its affairs, and Carey's requests for injunctive relief should be denied. *See id.* (collecting cases).

To the extent any claims remain, Carey's complaint fails to satisfy the general *Twombly/Iqbal* pleading standard. *See Twombly*, 550 U.S. at 570 (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim

5

to relief that is plausible on its face"); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief).  Although Carey alleges many facts, he does not connect them to the named defendants and instead seeks to relitigate a PFA proceeding that is unreviewable in this Court under the *Rooker-Feldman* doctrine.

## Conclusion

For these reasons, I recommend that the Court **DISMISS** Carey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and **MOOT** any other pending motions.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: November 7, 2025

/s/ Karen Frink Wolf  
United States Magistrate Judge