UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SETH CAREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00385-SDN |
| | ) | |
| MAINE STATE POLICE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this matter, Plaintiff Seth Carey brings numerous claims arising from the Fourth Fifth, and Fourteenth Amendments, as well as state tort and statutory law. Mr. Carey has sued various entities for the alleged violation of his constitutional rights, including the Maine State Police, the Rumford Police Department, the District Attorney of Hancock and Washington Counties, and several individual officers in their professional capacities with multiple state and city agencies. Mr. Carey's claims arise generally from a state court's adverse decision in a protection from abuse ("PFA") proceeding and the subsequent loss of his law license. On November 7, 2025, the Magistrate Judge recommended dismissing Mr. Carey's complaint on multiple procedural and jurisdictional grounds, as well as for the overall failure to state a plausible claim for relief. ECF No. 5. Mr. Carey subsequently objected to the Recommended Decision. ECF No. 6. I have reviewed and conducted a de novo review of the Magistrate Judge's Recommended Decision. For the following reasons, I **AFFIRM** the Recommended Decision and **DISMISS** the complaint.

## DISCUSSION

In his complaint, Mr. Carey alleges he was "completely falsely accused, defamed and maliciously prosecuted by Defendants" in connection with a state court PFA

proceeding and accompanying investigation. *See* ECF No. 1 at 1, 5–7. With respect to the PFA proceeding, Mr. Carey discusses numerous allegedly false statements made by the victim in the PFA case, which he asserts led to the violation of his constitutional rights, the loss of his professional career as an attorney, and diminished reputation. *See id.* at 5–6. In her Recommended Decision, the Magistrate Judge recommends dismissing Mr. Carey's complaint on numerous grounds.

As a primary matter, the state court's PFA decision was litigated and upheld on appeal. ECF No. 1 at ¶ 72. Accordingly, as the Magistrate Judge held, the *Rooker-Feldman* doctrine bars Mr. Carey's challenge to the PFA order. ECF No. 6 at 2. Regardless of the *Rooker-Feldman* doctrine, however, Mr. Carey has failed to state a plausible claim against any Defendant based on numerous procedural and jurisdictional deficiencies.

First, Mr. Carey's claim against the Maine State Police ("MSP") fails because the MSP is a Maine State agency and thus immune from suit under the Eleventh Amendment. *Id.* at 2–3; *see Gilbert v. Me. Dep't of Health & Hum. Servs.*, 778 F. Supp. 3d 239, 261 (D. Me. 2025) (finding that "absent waiver" of Eleventh Amendment sovereign immunity, "neither a State nor its agencies acting under its control may be subject to suit in federal court" (quotation modified)). Second, the doctrine of prosecutorial immunity bars Mr. Carey's claim against Defendant Robert Granger in his professional capacity as a District Attorney. *See* ECF No. 6 at 3. Third, Mr. Carey has failed to state a claim against the Rumford Police Department, which the Magistrate Judge appropriately liberally construed as a complaint against the City of Rumford, because he has failed to allege sufficient facts to establish municipal liability under Section 1983. *Id.* at 3–4; *see Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (holding municipalities can not be liable under Section 1983 "unless action pursuant to official municipal policy

of some nature caused a constitutional tort"). Fourth, regarding claims against the remaining named Defendants, Mr. Carey has critically failed to allege specific conduct by individual defendants, other than conclusory statements, that would violate his federal or constitutional rights. ECF No. 6 at 4–5. Fifth, regarding Mr. Carey's request for injunctive relief against state proceedings and the enforcement of certain criminal laws, the Magistrate found that, under the facts alleged by Mr. Carey, "there is no justification for invading the State's latitude to manage its affairs" and no legal basis for injunctive relief. *See id.* at 5. Finally, for any remaining claims, Mr. Carey has failed to satisfy the *Twombly/Iqbal* pleading standard by failing to allege sufficient facts to state a plausible claim against any Defendant. *Id.* at 6 ("Although Carey alleges many facts, he does not connect them to the named defendants and instead seeks to relitigate a PFA proceeding that is unreviewable in this Court under the *Rooker-Feldman* doctrine.").

Upon my de novo review of the record, I affirm the Magistrate Judge's conclusion that Mr. Carey has failed to allege adequate facts to support a claim for relief for any counts alleged in his complaint. Although Mr. Carey has filed an objection to the Magistrate Judge's Recommended Decision, he does not identify any specific errors in the Magistrate's legal reasoning or conclusions, aside from general assertions that the Magistrate "chose to 'cherry-pick'" a handful of counts to "fit her narrative" and "mischaracterize[d] the genesis of the lawsuit and legal claims against the Defendants." ECF No. 6 at 1, 2. Mr. Carey's objection is further devoid of any legal authority to support any of his arguments or claims and instead only restates conclusory and speculative allegations against Defendants. After de novo review, I find the Magistrate Judge's Recommended Decision is well-reasoned and supported by the entire record before the

Court. Accordingly, for the reasons stated in her opinion, I adopt and affirm the Magistrate Judge's Recommended Decision in its entirety.

**CONCLUSION**

For the foregoing reasons, and for those already explained in the Magistrate Judge's Recommended Decision, Mr. Carey's objection, ECF No. 6, is **OVERRULED**. The Recommended Decision, ECF No. 5, is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, Mr. Carey's complaint, ECF No. 1, is **DISMISSED**.

**SO ORDERED.**

Dated this 13th day of March, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**